**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**RANDY ALLEN PERRY,**                                              **PETITIONER**

**v.**                                                                    **No. 2:05CV187-D-A**

**WARDEN LARRY GREER, ET AL.**                                   **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Randy Allen Perry for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be **DISMISSED** with prejudice as untimely filed under 28 U.S.C. § 2244(d).

**Facts and Procedural Posture**

On April 18, 1994, the Circuit Court of DeSoto County, Mississippi, entered judgment against the petitioner after his conviction by a jury for burglary of an inhabited dwelling (Count I), robbery with a deadly weapon (Count II) and kidnapping (Count III); The court sentenced the petitioner to serve fifteen years on Count I, thirty years on Count II and thirty years on Count III in the custody of the Mississippi Department of Corrections. The court ordered that the sentences be served concurrently. On February 13, 1996, the Mississippi Court of Appeals affirmed the petitioner's conviction and sentence. *Perry v. State,* 678 So. 2d 1008 (Miss. App. 1996) (Cause No. 94-KA-00451-COA). The petitioner failed to seek timely discretionary review in state court by filing a petition for rehearing as provided for in MISS. R. APP. P. 40. On June 17, 2005, the petitioner filed an "Application for Leave to File Motion for Post-Conviction Collateral Relief" in

the Mississippi Supreme Court. The application was denied July 20, 2005. The petitioner filed the instant federal petition for a writ of *habeas corpus* September 19, 2005.

**Discussion**

The petitioner's conviction became final on February 27, 1996, fourteen days after his conviction was affirmed on direct appeal. MISS. R. APP. P. 40(a) (allowing fourteen (14) days to file a petition for rehearing in state court after direct appeal is affirmed). Therefore, the deadline for the petitioner to submit a properly filed state application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) – and thus toll the federal one-year statute of limitations – was February 27, 1997. *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). The application for leave to proceed in state court was not filed until June 17, 2005 – 3,032 days after the February 27, 1997, deadline for filing his federal *habeas corpus* petition – and thus did not bring the tolling provisions of § 2244(d) into play. The petitioner did not, therefore, enjoy the benefit of statutory tolling.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on September 6, 2005, and the date it was received and stamped as "filed" in the district court on September 19, 2005. Therefore, the instant petition was filed 3,113 days to 3,126 days – more than eight years – after the February 27, 1997, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant

equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d).

As a final matter, the petitioner's arguments regarding the application of *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), and equitable tolling were prepared by a "private legal research agency." The "agency" apparently does not include an attorney to aid with the production of legal documents as no attorney has made an appearance on behalf of the petitioner in this case. The arguments the "agency" sets forth in this case are no more meritorious than those the "agency" has set forth in numerous other cases in which it has made an "appearance." The court hopes that the petitioners in these cases are not paying the "agency," as its representation appears to violate Mississippi law has not benefitted the petitioners in their cases at all.

A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 21st day of March, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE